**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
Nicholas R. Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

[Additional Counsel On Signature Page]

*Attorneys for Plaintiff,*
*Katherine Martinez*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KATHERINE MARTINEZ, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**RITE AID CORPORATION,**<br><br>Defendant. | **Case No.:** 3:19-cv-00569-H-NLS<br><br><u>**CLASS ACTION**</u><br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATIONS OF:**<br><br>    I.    **CAL. BUS. & PROF. CODE § 17200,** *ET SEQ.***;**<br><br>    II.   **CONVERSION**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The plaintiff KATHERIN MARTINEZ ("Plaintiff" or "Ms. Martinez") brings this action, on behalf of herself and other similarly situated in California, to challenge the actions of RITE AID CORPORATION ("Rite Aid") with regard to Defendant's failure to comply with several California statutes designed to protect the consuming public, and to obtain an injunction to stop such continuing violations.

2. Specifically, this case involves Rite Aid's exploitation of consumers, especially senior citizens, through its utilization of a misleading opt-in method. This has allowed Rite Aid to take recurring donations from consumers, despite the consumer never providing knowing consent to the donations.

3. Rite Aid has run this campaign for years despite receiving volumes of complaints from consumers. These complaints specifically notified Rite Aid of the misleading nature of its opt-in method and that this is causing funds to be taken from consumers without their consent.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violation by Defendant was knowing, willful, and intentional, and not in good faith.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the defendants named.

## PARTIES

9. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California.

10. Plaintiff is informed and believes, and thereon alleges, that Rite Aid is, and at all times mentioned herein was, a corporation whose state of incorporation is Delaware and principal place of business is in Camp Hill, Pennsylvania.

11. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego.

## JURISDICTION AND VENUE

12. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a citizen of California, seeks damages for unlawfully obtained monies, which has been automatically withdrawn from hundreds of thousands of individuals transaction over a four year period, which, when aggregated among a proposed Class numbering in the several hundred thousand, exceeds the $5,000,000 threshold for federal court jurisdiction. Additionally, the action is against Defendant, a citizen of Georgia. Therefore, the elements of the Class Action Fairness Act of 2005 ("CAFA") are met, and this Court has jurisdiction.

13. As Defendant conducts business within the State of California and within the County of San Diego, personal jurisdiction is established.

14. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1391(b) because Defendants, at all times herein mentioned, was doing business in the County of San Diego, State of California. Further, venue is proper in this district because Plaintiff has resided in this district at all times herein mentioned and a substantial part of the events giving rise to the claim occurred in this judicial district.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## GENERAL FACTUAL ALLEGATIONS

15. Sometime before approximately December 2018, Ms. Martinez went to a Rite Aid location in San Diego, California to purchase an item for personal or household use.

16. Sometime during the checkout process, Ms. Martinez was opted into the Rite Aid Foundation's KidsCents program. As a consequence, Rite Aid rounds every transaction associated with Ms. Martinez's Wellness card to the whole dollar, and retained the difference for the alleged purpose of donating the difference to charity.

17. Upon information and belief, such practice will continue into perpetuity, or at least until Ms. Martinez has expressly opted out.

18. However, at no time did Ms. Martinez knowingly consent to this program, including on a continuing basis.

19. Between the few months of purchases for which Ms. Martinez has receipts, Rite Aid took a total of $2.56 from Ms. Martinez without the knowledge or consent of Ms. Martinez.

20. Rite Aid has initiated the donation program that collects consumer's change, which it then redistributes to the community.

21. Rite Aid claims that it obtains consumers' consent to opt into its KidsCents program by providing a prompt on the pin pad. However, such prompt is misleading, as at least one Rite Aid cashier has opined that, "I can tell you it's really easy to miss the 'Kidcents' donation prompt, and a lot of people will hit the 'always donate' button without thinking, assuming it's a one-time deal. Also, they'll sometimes think that it's part of their credit card purchase."

22. The manner in which these donations are set up is inherently misleading and confusing to consumers, especially senior citizens, and has resulted in money

being taken from Plaintiff and similarly situated consumers in California to which they did not consent, and did not realize was occurring.

23. Any quick review of online comments regarding his campaign by Rite Aid, it is apparent that a majority of consumers are opted into the KidsCents program without knowingly consenting to such program.

24. Upon information and belief, Rite Aid ties all donations for this program to the use of a Wellness card. To use a Wellness card in a Rite Aid store, a customer does not need the physical card, but can use the telephone number that is tied to the Wellness card account.

25. Consequently, any individual that has that telephone number can opt the card holder into this program. After the cardholder is opted in to the program, the cardholder will continue to be charged anytime they use their Wellness card, regardless of whether the consumer provided knowing consent.

26. Reasonable consumers, such as Ms. Martinez, believe that they did not opt into the program through the pin pad at the Rite Aid stores.

27. Since 2014, consumers have been complaining to Rite Aid that the its method of opt-in is misleading, and that there is nothing displayed in the store warning the consumer of the program details. Often times consumers have directly told Rite Aid that its method of collecting funds is an "underhanded way to get people to contribute to a charity."

28. One complaint even notifies Rite Aid that her elderly grandmother, who has poor vision, was opted into this program despite never providing consent.

29. Many of these consumers are on tight budgets and cannot always afford to make a donate.

30. Despite being put on notice that this method of contribution is misleading to consumers, over the last five years Rite Aid has taken no steps to remedy the problem, as its method of opting has remained the same over the last five years.

31. Senior citizens, such as Ms. Martinez, are especially susceptible to such deceptive business practices.
32. As a result of the aforementioned conduct, Plaintiff and members of the Class have suffered actual injury and economic loss.

## CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").
34. Plaintiff represents and is a member of the following Class, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2):

> All natural persons within California who made a purchase at Rite Aid and had the amount of their purchase/s rounded up to the whole dollar after they were enrolled in the Rite Aid Foundation's KidsCents program, or similar program, within four years prior to the filing of the Complaint in this action.

35. Plaintiff and others similarly situated are referred to as the "Class".
36. Defendant and their employees or agents are excluded from the Class.
37. Plaintiff does not presently know the number of members in the Class, but believes the members number in the tens of thousands. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.
38. Plaintiff and members of the Class were harmed by Defendant's misleading and deceptive method of taking money from consumers for its KidsCents program.
39. Plaintiff reserves the right to expand the class definitions to seek recovery on behalf of additional persons as warranted, as facts are learned through further investigation and discovery.

40. The joinder of the Class is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the court.
41. The Class members can be identified through Defendant's or Defendant's agent's records.
42. There is a well-defined community of interest in the questions of law and fact to the Classes that predominate over questions which may affect individual members, including the following:
    a. whether the manner in which Defendant enrolls consumers in its Kidcents program is deceptive or misleading;
    b. whether Defendant's conduct is an unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq.*;
    c. whether Defendant's conduct is an unfair act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq.*;
    d. whether Defendant wrongfully exercised dominion and control over personal property that belonged to the Plaintiff, Class;
    e. whether the Defendants and their agents should be enjoined from engaging in their unlawful conduct in the future; and,
    f. whether Defendant retains monies rightfully owed to the Class.
43. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.
44. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant/s will likely continue such illegal conduct.
45. Plaintiff has retained counsel experienced in handling class action claims and individual claims involving consumer contracts and consumer rights.

46. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with California law. The interest of the Class in individually controlling the prosecution of separate claims against the Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.

47. Defendant Rite Aid has acted, and continues to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class.

## COUNT I

## CALIFORNIA'S UNFAIR COMPETITION LAW

## BUS. & PROF. CODE §§ 17200, *ET SEQ*.

48. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

49. Plaintiff and Defendants are each "person[s]" as defined by California Business & Professions Code § 17201.

50. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

51. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

52. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unfair business practices prohibited by Bus. & Prof. Code § 17200, *et seq.*

### "Unfair" Prong

53. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant has committed acts of unfair competition that are prohibited by Bus. & Prof. Code §§ 17200, *et seq.*

54. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendant to deceptively sign up customers for a recurring donation without their consent on their purchases.

55. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 17200 *et seq.*, as alleged further detail above and herein.

56. Plaintiff could not have reasonably avoided the injury suffered herein. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, as Defendant continues to display the donation prompt in a misleading manner, and continues to opt-in customers to the recurring donation without their knowledge or consent.

## COUNT II
## CONVERSION

57. Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

58. Plaintiff and Class members held lawful rights in the personal property that they used to purchase items at Defendant's Stores.

59. Defendant engaged in an unlawful act when it exercised dominion over Plaintiff and Class members' members' property when they donated personal property of the Plaintiff and Class without their consent or knowledge.

60. Defendant acted with malice, oppression or fraud in obtaining donations it was not entitled to.

61. As a result of the control over Plaintiff and Class members' members' personal property, Plaintiff and Class members suffered monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Rite Aid for:

- Certification of this action as a Class Action, with Plaintiff appointed as the representative of the Class , and Plaintiff's attorneys appointed as Class Counsel for the Class ;

- A declaratory judgment finding Rite Aid's conduct alleged herein to be unlawful, including that the transactions concerning donations with Plaintiff and the Class are void and refundable;

- A temporary, preliminary and/or permanent order for injunctive relief requiring Rite Aid to cease using deceptive means to obtain recurring donations, pursuant to Bus. & Prof. Code § 17535;

- An order requiring imposition of a constructive trust and/or disgorgement of Rite Aid's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and, also, to restore to Plaintiff and members of the

Class all funds acquired by means of any act or practice declared by this court to be an unlawful and/or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

- Restitution pursuant to Bus. & Prof. Code § 17535;
- Distribution of any monies recovered on behalf of members of Classes via fluid recovery or *cy pres* recovery where necessary and as applicable, to prevent Rite Aid from retaining the benefits of their wrongful conduct;
- Prejudgment interest;
- Special, general, and compensatory damages to Plaintiff and the Classes for negligent and/or intentional misconduct;
- Costs of Suit;
- Reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5; and,
- Any and all other relief the Court deems just and proper.

### TRIAL BY JURY

62. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 17, 2019                                               Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**


By: */s/Abbas Kazerounian*
     ABBAS KAZEROUNIAN, ESQ.
     ATTORNEY FOR PLAINTIFF

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022
*Attorneys for Plaintiff*